```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ROBIN J. SLOAN,

      Plaintiff,

vs.                                 Case No. 8:08-cv-1321-T-HTS[1]

MICHAEL J. ASTRUE,
Commissioner of Social
Security, Washington,
D.C.,

      Defendant.

---

## OPINION AND ORDER[2]

### I. Status

Robin Joyce Sloan is appealing the Social Security Administration's denial of her claims for Disability Insurance Benefits and Supplemental Security Income. Her alleged inability to work is based on "[f]ibromyalgia, degenerative joint disease, herniated discs, spinal stenosis, rapid degeneration and injury without cause, stiffness, flu like symptoms, loss of mobility, headaches, [and] body aches." Transcript of Administrative Proceedings (Tr.) at 142 (emphasis omitted). Ms. Sloan was ultimately found not disabled by Administrative Law Judge

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge. Notice, Consent, and Order of Reference-Exercise of Jurisdiction by a United States Magistrate Judge (Doc. #12).

[2] Pursuant to § 205(a)(5) of the E-Government Act of 2002, this order is available electronically. It is not otherwise intended for publication or to serve as precedent.

(ALJ) Steven D. Slahta on August 29, 2007. *Id.* at 19, 26-27. The Appeals Council granted a request for review of the ALJ's Decision, but also concluded Plaintiff was not disabled. *See id.* at 9. Claimant has exhausted the available administrative remedies and the case is properly before the Court.

On appeal, Plaintiff argues "the ALJ erred in not giving proper weight to the medical opinions of [her] treating physicians." Plaintiff, Robin J. Sloan's Memorandum in Support of Her Complaint (Doc. #15; Memorandum) at 11.

## II. Legal Standard

This Court reviews the Commissioner's final decision as to disability[3] pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Whereas no special deference is accorded the application of legal principles, findings of fact "are conclusive if supported by substantial evidence[.]" *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (internal quotation marks omitted); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (quoting *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir.

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); *see* 42 U.S.C. § 1382c(a)(3)(A). An ALJ must follow the five-step sequential inquiry described in 20 C.F.R. §§ 404.1520, 416.920, determining as appropriate whether the claimant 1) is currently employed; 2) has a severe impairment; 3) is disabled due to an impairment meeting or equaling one listed in the regulations; 4) can perform past work; and 5) retains the ability to perform any work in the national economy. *See also Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004).

1998)). Substantial evidence has been defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Falge*, 150 F.3d at 1322 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see also Ingram*, 496 F.3d at 1260. Despite the existence of support in the record, the ALJ's determination may not be insulated from remand where there is a "failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted[.]" *Ingram*, 496 F.3d at 1260 (internal quotation marks omitted); *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

### III. Discussion

According to Plaintiff, three opinions rendered by treating physicians, Drs. Michelle S. Spuza-Milord and Judith L. Evans were improperly rejected. *See* Memorandum at 7. Specifically, it is asserted "Dr. Spuza-Milord . . . indicated that Plaintiff was disabled on two separate occasions, February 23, 2004, and June 8, 2004." *Id.* at 7-8; *see* Tr. at 300, 348 (form stating Plaintiff "is totally and permanently disabled"); Tr. at 302 ("disabled"). Claimant acknowledges "[t]he ALJ briefly addressed and discounted the opinion of Dr. Evans[.]" Memorandum at 7.

Unless rejected for good cause, a treating physician's opinion "is entitled to substantial weight[.]" *Ogranaja v. Comm'r of Soc.*

*Sec.*, 186 F. App'x 848, 850 (11th Cir. 2006) (per curiam) (quoting *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991)); *see also Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). Further, the weight afforded a treating doctor's opinion must be specified along with "any reason for giving it no weight, and failure to do so is reversible error." *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986); *see also Phillips*, 357 F.3d at 1241 ("When electing to disregard the opinion of a treating physician, the ALJ must clearly articulate [his or her] reasons.").

"The treating physician's report may be discounted when it is not accompanied by objective medical evidence or is wholly conclusory." *Edwards*, 937 F.2d at 583; *see also Ogranaja*, 186 F. App'x at 850; *Phillips*, 357 F.3d at 1240-41. ALJs, however, may not simply substitute their own judgment for that of a medical expert. *See Graham v. Bowen*, 786 F.2d 1113, 1115 (11th Cir. 1986) (per curiam). It has sometimes even been stated that, "[w]here the [Commissioner] has ignored or failed properly to refute a treating physician's testimony, . . . as a matter of law . . . he has accepted it as true." *MacGregor*, 786 F.2d at 1053.

The opinions at issue from Dr. Spuza-Milord do not provide a sufficient basis for remand under the circumstances presented. A conclusion as to whether an individual is disabled or has the ability to work is essentially legal rather than medical. It "is not the type of 'medical opinion' to which the Commissioner gives

controlling weight." *Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005); *see also Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003) (per curiam) (Determinations about disability or ability to work "are legal conclusions[,]" not medical opinions.); *Zulinski v. Astrue*, 538 F. Supp. 2d 740, 751-52 (D. Del. 2008) (doctor's statement as to inability "to sustain full time, everyday work on a regular basis" disregardable as not medical opinion (internal quotation marks omitted)); *cf. Russell v. Astrue*, Civil No. 07-4202 (RHK/RLE), 2009 WL 169307, at *17 (D. Minn. Jan. 26, 2009) ("[T]he opinions of treating physicians, on questions reserved for the Commissioner—such as whether a claimant is disabled, or is unable to work—are not to be given any weight by the ALJ."). As "a physician is not qualified to make" judgments as to disability or ability to work as defined by law, *Norfleet v. Sullivan*, CIV. A. No. 89-5978, 1990 WL 29675, at *4 (E.D. Pa. Mar. 14, 1990); *see also Townsend v. Apfel*, 47 F. Supp. 2d 958, 964 (N.D. Ill. 1999), an ALJ would be unjustified in according special significance thereto. Claimant has thus not illuminated a need for reversal.[4]

---

[4] Ms. Sloan recites several diagnoses and describes various symptoms that "can" be caused by the conditions. Memorandum at 9-10. It has been said a "mere diagnosis . . . says nothing about the severity of the condition." *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam); *see also Scull v. Apfel*, 221 F.3d 1352, No. 99-7106, 2000 WL 1028250, at *1 (10th Cir. July 26, 2000) (Table) ("[D]isability determinations turn on the functional consequences, not the causes, of a claimant's condition[.]"); *Taylor v. Astrue*, No. 8:08-cv-550-T-TBM, 2009 WL 799445, at *4 (M.D. Fla. Mar. 24, 2009) ("[T]he mere diagnosis of a condition itself is alone not a basis for disability. . . . Plaintiff's claim turns not on the diagnosis but on whether the objective and clinical records of this condition dictated that the ALJ find a reduced residual functional capacity that left Plaintiff disabled from all work."). Additionally, adequate grounds for remand are not established by the judge's alleged "state[ment] that there were succes[s]ful results" from "bilateral endoscopic

It is also observed the Appeals Council acknowledged the conclusion offered by this physician. *See* Tr. at 8.

Ms. Sloan's contention that, "[p]ursuant to SSR 96-2[p], the opinion of the claimant's treating source can never be completely rejected[,]" Memorandum at 8, is likewise unpersuasive. The Court has perused the ruling cited and finds no such prohibition. Perhaps Claimant is attempting to deduce her rule from SSR 96-2p's statement that "opinions from sources other than treating sources can never be entitled to 'controlling weight.'" This proposition, though, does not exclude the possibility that certain treating source opinions should be completely rejected while others (or none) are afforded controlling weight.

The other opinion at issue is from Dr. Evans, *see* Memorandum at 10, who asserted via a Physical Capacity Evaluation (Evaluation) that, in an eight-hour workday, Plaintiff could stand, walk, and sit for less than one hour each. *See* Tr. at 541. The Evaluation further states both occasional and frequent lifting is restricted to less than ten pounds. *See id.; cf.* Memorandum at 10. Finally, Plaintiff observes the doctor "indicated that [she] could not use

---

plantar fasciotomy[.]" Memorandum at 9. In fact, the ALJ wrote "Dr. Levine later noted successful results, [but] comment[ed] that pain did recur due to prolonged standing[.]" Tr. at 24; *cf. id.* at 501 ("[d]oing well" post-surgery, experiencing "[s]ome pain, right foot greater than left, but all appears to be within normal limits"), 500 (still "[d]oing well[,]" with "[n]o problems or complications"; "pain has recurred because she has been on her feet too much"; she "admits she has been on her feet a lot").

[her] hands for grasping, handling, pushing, pulling, or fine manipulation." Memorandum at 10; *cf*. Tr. at 542.

The judge determined he should "not grant significant weight to [the Evaluation], which indicated that the claimant could lift and carry less than ten pounds or stand, walk, and sit less than one hour." Tr. at 25 (citation to record omitted). He pointed out that the form "was not accompanied with specific clinical findings[,]" *id.* at 24, and "conclude[d] that this assessment is completely inconsistent with the medical record and the claimant's noted activities of daily living." *Id.* at 25. In regard to daily living activities, it was observed

> the claimant's examination dated May 21, 2007 revealed that [she] cooked three times a week, showered, dressed herself, and watched television. It was noted that the claimant only had mild limitations for carrying, lifting, and pushing. It was noted that the claimant could perform activities like shopping and she could travel without a companion. [She] could attend to her own personal needs, climb a few stairs, and prepare simple meals.

*Id.* (citation to record omitted). Further, the ALJ found "Dr. Evan[s]'s conclusion Ms[.] Sloan can not use her hands [to be] inconsistent with Dr. Shyngle's report showing normal grip strength." *Id.*

The judge's characterization is largely supported by the documentation he relied upon. *See id.* at 553 ("She cooks two or three times a week[,] showers and dresses daily[,] watches TV and listens to the radio[; h]and and finger dexterity are intact[;

g]rip strength is 5/5 bilaterally."), 554 (only "mild limitations for lifting, carrying, and pushing").  Moreover, Plaintiff mounts no specific attack against his reasoning.  She merely states generically that "Dr. Evan[s]'s opinions . . . are consistent with [her] complaints and are supported by acceptable clinical evidence and are not inconsistent with other substantial evidence in the record."  Memorandum at 10-11.  Clearly, this is insufficient to elucidate error.

### IV. Conclusion

In accordance with the foregoing, the Clerk of the Court is directed to enter a judgment pursuant to sentence four of 42 U.S.C. § 405(g), and as incorporated by 42 U.S.C. § 1383(c)(3), **AFFIRMING** the Commissioner's decision.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of June, 2009.

/s/         Howard T. Snyder
HOWARD T. SNYDER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of record
   and pro se parties, if any